IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **LATRAVIS RECO DRAYTON, JR,** | : | |
| | : | |
| **Petitioner,** | : | |
| v. | : | Case No. 5:25-cv-468-MTT-ALS |
| | : | |
| **MATTHEW MOULTON,** | : | |
| | : | |
| **Respondent.** | : | |
| _____ | : | |

# ORDER

Pending before the Court is a habeas corpus petition filed by *pro se* Petitioner Latravis Reco Drayton, a prisoner most recently incarcerated in the Houston County Detention Center in Perry, Georgia, seeking relief pursuant to 28 U.S.C. § 2241 (ECF No. 1). Petitioner failed to sign this Petition. *See* ECF No. 1 at 9. On October 27, 2025, the Clerk entered a notice of deficiency advising Petitioner that Rule 11 of the Federal Rules of Civil Procedure required him to sign his Petition and directing Petitioner to re-file his signed document within fourteen (14) days of the date of the notice. The notice also warned him that failure to comply could result in the dismissal of this case. *See* Fed. R. Civ. P 11(a) (requiring "[e]very pleading, written motion, and other paper" to be "signed by . . . a party personally if the party is unrepresented" and stating that "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention").[1]

---

[1] Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") provides: "The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any

The time for compliance passed without a response from Petitioner. As such, on November 25, 2025, the Court ordered Petitioner to respond and show cause why his Petition should not be dismissed for failure to comply with the Clerk's notice of deficiency. Petitioner was also directed to file a signed petition if he wished to proceed with this action. Petitioner was again given fourteen (14) days to respond, and he was again warned that failure to respond would likely result in the dismissal of this action. *See generally* ECF No. 3.

The time for compliance has again expired without a response from Petitioner, and the show cause order was returned to the Court as undeliverable (ECF No. 4). As Petitioner has been warned, the failure to comply with the Court's orders and instructions is cause for dismissal of this case. Further, because Petitioner has failed to comply with Rule 11 after being given notice of the rule, the Court "must strike" his unsigned Petition. Fed. R. Civ. P. 11(a). And finally, this case cannot proceed if the Court does not have a current address for Petitioner. Accordingly, the Petition is **DISMISSED without prejudice**. Fed. R. Civ. P. 41; *see also Slack v. McDaniel*, 529 U.S. 473, 489 (2000) (the failure to comply with a court order is grounds for dismissal in a habeas case).

To the extent that this action can be construed as one that requires a certificate of

---

statutory provisions or these rules, may be applied to a proceeding under these rules." Neither Federal Rule of Civil Procedure 11 nor Federal Rule of Civil Procedure 41(b), cited later in this Order, are inconsistent with the any of the Habeas Rules. Indeed, Habeas Rule 2(c)(5) requires a petition to "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." In addition, Rule 1(b) of the Habeas Rules provides that "[t]he district court may apply any or all of these rules" to habeas corpus petitions that do not arise under § 2254, such as the Petition in this case.

appealability ("COA"), Petitioner has no absolute entitlement to appeal this dismissal. Before he may appeal, the district court must first issue a COA. *See* 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2254, Rule 11(a); *see also Reedman v. Thomas*, 305 F. App'x 544, 545 (11th Cir. 2008) (per curiam) (granting COA on issue of whether habeas petition was properly dismissed for failure to comply with court order). When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a COA will not be issued unless the prisoner can show, at least, "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 478. Reasonable jurists could not find that a dismissal of the instant action for Petitioner's failure to prosecute and comply with the Court's orders was debatable or wrong. *See Knox v. Morgan*, 457 F. App'x 777, 779 (10th Cir. 2012) (denying COA where district court dismissed habeas petition without prejudice for failing to comply with court orders). Thus, to the extent a COA is necessary, Petitioner is **DENIED** a COA. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving denial of COA before movant filed a notice of appeal).

    **SO ORDERED**, this 14th day of January, 2026.

                                            S/ Marc T. Treadwell
                                            MARC T. TREADWELL, JUDGE
                                            UNITED STATES DISTRICT COURT